*In re* MARRIAGE OF TAMARA LEIGH WEAVER, n/k/a Tamara Leigh Anderson, Petitioner-Appellant, and BOBBY LEE WEAVER, JR., Respondent-Appellee.

Fourth District   No. 4—91—0700

Opinion filed May 7, 1992.

James L. Ayers and L. Keith Hays, both of Monticello, for appellant.

Law Offices of Ora J. Baer II, of Champaign, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

Petitioner Tamara Leigh Weaver, now Tamara Leigh Anderson, appeals from the Piatt County circuit court's July 18, 1991, dismissal with prejudice of her petition to modify child custody. She argues the court erred by (1) dismissing her petition on grounds of *res judicata,* collateral estoppel, or because of deficient pleadings; and (2) ordering her to pay the attorney fees of respondent, Bobby Lee Weaver, Jr., pursuant to section 610(c) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1989, ch. 40, par. 610(c)). We reverse the circuit court's dismissal of petitioner's motion and its order requiring petitioner to pay respondent's attorney fees. We also decline respondent's request for attorney fees incurred in this appeal.

Petitioner and respondent were married in St. Louis, Missouri, on September 28, 1979. Petitioner, then 15 years old, and respondent, then 18 years old, resided in the State of Illinois. One child, K.W., was born to the couple on January 23, 1980. The dismissal of petitioner's request for modification of K.W.'s custody is at issue on appeal.

On January 12, 1982, the Piatt County circuit court entered a judgment of declaration of invalidity of the parties' marriage. Petitioner was awarded custody of K.W. On August 27, 1988, petitioner relinquished custody of K.W. to respondent pursuant to a written agreement. The parties filed a joint petition and stipulation for modification of judgment on October 11, 1988. It provided in part that the judgment should be modified to award custody of K.W. to respondent. The court entered its order awarding custody to respondent on October 19, 1988.

One year later, respondent filed a request to abate support. Both parties were present *pro se* at a December 11, 1989, hearing on this request. The court found the parties had agreed to temporary custody modification on August 27, 1988. It abated child support as of that date and set a hearing to review custody modification in June 1990. On June 11, 1990, both parties appeared *pro se* and sought permanent custody of K.W.; respondent also filed a *pro se* petition seeking child support.

On June 26, 1990, private counsel entered an appearance on behalf of petitioner. On July 23, 1990, respondent, by counsel, filed an amended motion for child support and a motion to dismiss and for other relief. Respondent argued petitioner's oral request of June 11, 1990, for custody modification should be dismissed because petitioner

did not file affidavits nor did the court make a finding of serious endangerment as to K.W., as required by section 610(a) of the Act (Ill. Rev. Stat. 1989, ch. 40, par. 610(a)).

On August 16, 1990, the court granted respondent's motion to dismiss; that same day, petitioner filed an affidavit and a verified petition to modify custody. The petition alleged, in relevant part:

"2. That there has been a substantial change of circumstances since the entry of the Order that seriously endangers the physical, mental, moral and emotional health of [K.W.], and to an[d] including the following particulars:

(a) That [K.W.] is 10 years of age, and is at such an age that it is more appropriate that she be in her mother's custody for physical, mental, moral and emotional reasons.

(b) That [K.W.] has expressed a desire to reside with her mother.

(c) That the Respondent has had a live-in girlfriend for the most part of the time that the child has resided with the Respondent.

(d) That the minor child is a pre-teen and that mother/female supervision and guidance are critical in these formative times.

(e) That the minor child has been required to perform household chores in excess of what would normally be expected of a child 10 years of age.

(f) That the minor child desires to reside with her halfbrother in the home of the Petitioner.

* * *

4. That the best interests of the child would be served by a permanent change of custody to the Petitioner."

On September 4, 1990, respondent filed a motion to dismiss, arguing the verified petition was inadequate because (1) the allegations of the affidavit were not material to serious endangerment, and (2) the allegations were insufficient as a matter of law and were conclusory and immaterial.

On September 27, 1990, the court dismissed petitioner's August 1990 verified petition to modify custody, stating an amended petition was to be filed within 10 days; the court did not state the reasoning upon which it granted respondent's motion to dismiss.

On October 29, 1990, petitioner filed a motion to vacate, modify, or set aside the September 1990 dismissal order. On October 30, 1990, she filed a motion for leave to file an amended petition *instanter* and

a proposed amended petition to modify custody. The petition alleged, in relevant part:

"2. That there has been a substantial change of circumstances since the entry of the Order that seriously endangers the physical, mental, moral and emotional health of [K.W.], and to and including the following particulars:

(a) That [K.W.] is 10 years of age, and is at such an age that it is more appropriate that she be in her mother's custody for physical, mental, moral and emotional reasons.

(b) That [K.W.] has expressed a desire to reside with her mother.

(c) That the Respondent has a live-in girlfriend for most of the time that the child has resided with the Respondent; that the arguments and fighting, and moving in and out of the girlfriend upsets and disturbs the said child.

(d) That the relationship aforementioned does not provide a proper example for a pre-teenage girl of a relationship between males and females.

(e) That the Respondent is not able to provide proper female guidance and supervision.

(f) That the Respondent has been in possession of, and has used marihuana in the presence of the minor child which usage has caused her great concern and anguish.

(g) That the aforementioned items show that the present environment of the minor child endangers seriously her physical, mental, moral and emotional health.

\* \* \*

4. That the best interests of the child would be served by a change of custody to the Petitioner."

Respondent objected, arguing the court's September 1990 dismissal order granted leave to file an amended petition within 10 days. On December 13, 1990, the court sustained respondent's objection and denied petitioner's motion for leave to file an amended petition *instanter* and set February 21, 1991, as the hearing date for petitioner's motion to vacate, modify, or set aside the September 1990 dismissal order. On February 21 the court denied petitioner's motion to vacate.

On March 13, 1991, more than two years after the October 19, 1988, order modifying custody was entered, petitioner filed a verified petition to modify custody, alleging in relevant part that there had been a substantial change in circumstances since the earlier order was entered which:

"4. [s]eriously endangers the physical, mental, moral and emotional health of [K.W.], and to and including the following particulars:

(a) That [K.W.] is 10 years of age, and is at such an age that it is more appropriate that she be in her mother's custody for physical, mental, moral and emotional reasons.

(b) That [K.W.] has expressed a desire to reside with her mother.

(c) That the Respondent has a live-in girlfriend for most of the time that the child has resided with the Respondent; that the arguments and fighting, and moving in and out of the girlfriend upsets and disturbs the said child.

(d) That the relationship aforementioned does not provide a proper example for a pre-teenage girl of a relationship between males and females.

(e) That the Respondent is not able to provide proper female guidance and supervision.

(f) That the Respondent has been in possession of, and has used marijuana in the presence of the minor child which usage has caused her great concern and anguish.

(g) That the aforementioned items show that the present environment of the minor child endangers seriously her physical, mental[,] moral and emotional health.

5. That the modification of custody is necessary to serve the best interests of the minor child, [K.W.]."

Respondent filed a motion to dismiss this petition to modify. He argued (1) the court's September 1990 dismissal of petitioner's August 1990 petition to modify custody, and its February 1991 denial of her motion to vacate, modify, or set aside raise the bar of *res judicata* or collateral estoppel as to the issues raised in (a) through (c) of the March 1991 petition because the same issues were raised in paragraphs (a) through (c) of the August 1990 petition; (2) because paragraphs (a) through (g) of petitioner's October 1990 request to file amended petition *instanter*, which was denied in December 1990, raised the same issues as paragraphs (a) through (g) raise in the current petition, the December 1990 order bars the March 1991 petition under the doctrines of *res judicata* or collateral estoppel; (3) any other allegations are not specific and are mere conclusions.

Respondent's affidavit, attached to his motion, alleged petitioner had visited K.W. only four times since October 19, 1990: from November 21 to 25, 1990; December 22, 1990, to January 3, 1991; February 15 to 18, 1991; and March 28 to 31, 1991. He also claimed petitioner

had not communicated with K.W. since March 31, 1991, and had not been present in respondent's home since October 19, 1990. Respondent further claimed he had not had a live-in girlfriend since November 1989 and had never smoked marijuana in K.W.'s presence.

On July 18, 1991, after considering the parties' written arguments, the court dismissed the March 1991 petition with prejudice, not stating its reasoning. On July 26, petitioner filed a motion to reconsider or, in the alternative, to clarify, noting the court had not provided reasons for the dismissal with prejudice; she also filed a motion for leave to file an amended petition to modify custody, alleging a DCFS complaint had been filed by unknown parties regarding circumstances that had arisen since the March 1991 petition to modify was filed.

On August 29, 1991, respondent filed an affidavit for attorney fees. On that date, the court denied petitioner's motion to reconsider or clarify, and for leave to file an amended petition, and granted respondent attorney fees of $1,310.

■ The first issue we address is whether the March 1991 petition to modify custody of K.W. is barred by *res judicata* or collateral estoppel. Section 610 of the Act controls any modification or change in a custody determination:

> "(a) Unless by stipulation of the parties, no motion to modify a custody judgment may be made earlier than 2 years after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health.
>
> (b) The court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian *** and that the modification is necessary to serve the best interest of the child." Ill. Rev. Stat. 1989, ch. 40, pars. 610(a), (b).

Petitioner argues the dismissal of her June and August 1990 requests for modification of custody—both made within two years of the October 1988 custody modification order—cannot raise the bar of *res judicata* or collateral estoppel as to the instant request for modification, filed more than two years after the October 1988 order.

Respondent notes petitioner filed a petition within two years of the October 1988 order, *i.e.*, the August 1990 petition; and also a peti-

tion outside the two-year period, *i.e.*, the October 1990 petition. We disagree. Petitioner's October 1990 request sought leave to file an amended petition—based on the August 1990 verified petition which the court had dismissed in September 1990, granting her 10 days to amend. The October 1990 pleadings cannot be characterized as a *new* petition filed more than two years after the last custody modification. It was an attempt to amend the August 1990 petition, which was filed *within* two years of the last modification order. Moreover, leave to file the amended petition *instanter* was denied.

Petitioner argues that because the dismissals of her June and August 1990 requests for custody modification were not based on the merits of the case, neither collateral estoppel nor *res judicata* bars her from raising similar claims in the March 1991 petition. She further contends the dismissals of her 1990 modification requests were not final and appealable because each was based upon failure to follow technical requirements of section 610(a) of the Act.

■ Collateral estoppel prevents a party from raising an issue in a later proceeding where that issue was actually or necessarily decided in a prior proceeding involving the same parties in a different cause of action; the issue must have been material and controlling in the earlier proceeding and also be material and controlling in the pending proceeding. (*Hammond v. North American Asbestos Corp.* (1991), 207 Ill. App. 3d 556, 562, 565 N.E.2d 1343, 1347, quoting *Decatur Housing Authority v. Christy-Foltz, Inc.* (1983), 117 Ill. App. 3d 1077, 1082, 454 N.E.2d 379, 383.) This doctrine bars only those questions actually decided in the first action. (*Decatur Housing Authority*, 117 Ill. App. 3d at 1083, 454 N.E.2d at 383.) The court did not rule on the issues petitioner raised in her earlier pleadings for modification of custody. The allegations were not litigated. Collateral estoppel does not bar petitioner from raising the allegations in a new petition.

■ Generally, a court's order regarding child custody is *res judicata* as to facts which existed at the time the order was entered. New conditions must establish a change in custody is warranted for the best interest of the child. (*Nye v. Nye* (1952), 411 Ill. 408, 416, 105 N.E.2d 300, 304.) Courts should be cautious in determining when to apply *res judicata* in child custody cases. This doctrine should not be strictly applied to bar evidence when the most important consideration is the welfare of a child. (*Valencia v. Valencia* (1978), 71 Ill. 2d 220, 227, 375 N.E.2d 98, 101.) In this case, even a strict application of *res judicata* does not bar petitioner's March 1991 petition to modify custody.

■ The doctrine of *res judicata* precludes an action between parties when a judgment on the same claim or cause of action was previously rendered against the same parties in an earlier proceeding. (*Hammond*, 207 Ill. App. 3d at 561, 565 N.E.2d at 1347, citing *Decatur Housing Authority*, 117 Ill. App. 3d at 1082, 454 N.E.2d at 383.) It requires an identity of parties, subject matter, and cause of action. *In re Marriage of Dunn* (1987), 155 Ill. App. 3d 247, 250, 508 N.E.2d 250, 252.

The parties (petitioner and respondent) and subject matter (custody of K.W.) are the same in this proceeding as in the earlier modification proceedings. However, petitioner's March 1991 petition raises a different cause of action. Causes of action are identical where evidence required to sustain the second verdict would sustain the first verdict. *Hammond*, 207 Ill. App. 3d at 561, 565 N.E.2d at 1347, citing *Decatur Housing Authority*, 117 Ill. App. 3d at 1081, 454 N.E.2d at 382.

■ The evidence required to sustain the instant modification request made more than two years after the date of the last modification order is different than that required to support a modification of custody within two years from the original custody order. Within the two years following a custody determination, petitioner must show there is reason to believe the child's present environment may endanger seriously the child's physical, mental, moral, or emotional health before the trial court will even permit the motion to modify to be filed. Two years after the custody order, this threshold issue of endangerment expires and the court is only concerned with changed circumstances and the best interests of the child. Ill. Rev. Stat. 1989, ch. 40, pars. 610(a),(b).

■ If the court had considered the March 1991 petition, it might have concluded petitioner established that modification was in K.W.'s best interest although similar evidence may not have met the threshold requirement of showing K.W.'s environment seriously endangered her for purposes of the 1990 proceedings. Although the allegations raised by petitioner in her March 1991 petition are similar to claims raised in her earlier petitions filed *within* two years of the October 1988 custody order, this petition requires different evidence and, therefore, *res judicata* did not bar her from seeking proceeding on it. If the circuit court concluded otherwise, it erred.

Respondent also argues that petitioner's failure to preserve her right to amend her August 1990 petition, or to appeal the court's earlier orders, bars her from relitigating custody modification be-

cause the circuit court's orders were, in fact, based on the merits of the claims pursuant to Rule 273 (134 Ill. 2d R. 273).

Supreme Court Rule 273 provides:

> "Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits." 134 Ill. 2d R. 273.

However, numerous courts have approved the admission of evidence on material facts which existed when the earlier order was entered, but which were unknown to the circuit judge and tend to show that a change in custody would be in the child's best interest. See *Schultz v. Schultz* (1976), 38 Ill. App. 3d 678, 680-81, 347 N.E.2d 749, 751; *Randolph v. Dean* (1975), 27 Ill. App. 3d 913, 916, 327 N.E.2d 473, 475; *McDonald v. McDonald* (1973), 13 Ill. App. 3d 87, 89, 299 N.E.2d 787, 789; *Girolamo v. Girolamo* (1972), 5 Ill. App. 3d 627, 629-30, 283 N.E.2d 713, 714.

Petitioner should not have been barred from raising the allegations in her March 1991 petition merely because some of the same allegations were included in earlier pleadings which were dismissed for failure to follow technical procedures of section 610(a) of the Act (as the August 1990 petition), or all of the same allegations were raised in pleadings which were not permitted to be filed (as the proposed amended petition of October 30, 1990). The circuit court dismissed petitioner's June 1990 oral request for modification, apparently based on the objections raised by respondent, *i.e.*, failure to file an affidavit as required by section 610(a) and the absence of any finding of endangerment thereunder. The court dismissed her August 1990 verified petition apparently based on the objections raised by respondent. The affidavit's allegations were not material to a finding that K.W.'s environment presented serious endangerment of the child (Ill. Rev. Stat. 1989, ch. 40, par. 610(a)), or were insufficient to demonstrate such endangerment. Petitioner's allegations were never substantively considered on their merits by the circuit court.

It is in K.W.'s best interest for the circuit court to evaluate whether modification is appropriate. Petitioner lost the opportunity to fully litigate whether her child should be returned to her custody during the two-year period following the October 1988 modification because she did not comply with the procedures required by section 610(a) of the Act. This lost opportunity does not preclude her from pursuing a modification outside the two-year period.

Petitioner next argues respondent's claim that her pleadings were deficient is inaccurate. Respondent's motion to dismiss argued petitioner's pleadings were deficient for the following reasons: (1) failure to plead the standard or the deviation from the standard, and (2) conclusory grounds. Section 2—603(a) of the Code of Civil Procedure (Code) requires all pleadings to "contain a plain and concise statement" of the cause of action. (Ill. Rev. Stat. 1989, ch. 110, par. 2—603(a).) It further provides "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties." Ill. Rev. Stat. 1989, ch. 110, par. 2—603(c).

Petitioner argues the pleadings submitted to the court contained information sufficient to reasonably inform respondent of the nature of the claims made against him. According to her, objections raised by respondent are matters of proof for an evidentiary hearing.

Respondent argues a complaint must state pertinent facts and cites *Pfendler v. Anshe Emet Day School* (1980), 81 Ill. App. 3d 818, 401 N.E.2d 1094. He further contends a court cannot liberally construe the facts to remedy this error, citing *Van Skike v. Zussman* (1974), 22 Ill. App. 3d 1039, 318 N.E.2d 244, as support. He also contends a motion to dismiss does not admit conclusions of law or fact which are not supported by specific factual allegations upon which conclusions can rest, and cites *Zagar v. Gomberg* (1978), 66 Ill. App. 3d 611, 384 N.E.2d 426, as support.

■ Respondent correctly cites general legal principles, but none of these principles justify finding petitioner's pleadings deficient. Respondent notes the lack of specific dates on which petitioner alleges certain activities occurred. He argues this is evidence of the deficiency in the pleadings.

■ A dismissal with prejudice should not be made unless clearly no set of facts could be established which would entitle the party to relief. (*Board of Education v. A, C & S, Inc.* (1989), 131 Ill. 2d 428, 438, 546 N.E.2d 580, 585; *Wheeler v. Caterpillar Tractor Co.* (1985), 108 Ill. 2d 502, 506, 485 N.E.2d 372, 374.) Allegations of a complaint are sufficiently specific if the allegations reasonably inform the opposing party of allegations made. (*People ex rel. Scott v. College Hills Corp.* (1982), 91 Ill. 2d 138, 145, 435 N.E.2d 463, 467.) Petitioner's allegations sufficiently warn respondent the reasons she claims custody should be modified. The remaining issues would have been determined during the hearing when evidence would have been presented.

Respondent also argues because he filed an affidavit in support of the motion to dismiss and petitioner did not file a counteraffidavit, the facts stated in his affidavit must be viewed as true, and cites *Silverstein v. Schak* (1982), 107 Ill. App. 3d 641, 437 N.E.2d 1292.

Supreme Court Rule 191 authorizes the use of affidavits in connection with a motion for involuntary dismissal under section 2—619 of the Code (Ill. Rev. Stat. 1989, ch. 110, par. 2—619). (134 Ill. 2d R. 191.) Properly alleged facts within an affidavit must be viewed as true when the facts are not contradicted by a counteraffidavit. (*Kutner v. DeMassa* (1981), 96 Ill. App. 3d 243, 248, 421 N.E.2d 231, 235; *Marquette National Bank v. B.J. Dodge Fiat, Inc.* (1985), 131 Ill. App. 3d 356, 362, 475 N.E.2d 1057, 1061; *Silverstein*, 107 Ill. App. 3d at 643, 437 N.E.2d at 1293.) However, respondent's motion to dismiss based on insufficient pleadings is the equivalent of a section 2—615 motion (see Ill. Rev. Stat. 1989, ch. 110, par. 2—615).

Further, respondent's affidavit simply denies allegations raised by petitioner. Respondent's affidavit stated he had not had a live-in girlfriend since November 1989, and he had never smoked marijuana in front of K.W. Even if these claims are true, the allegedly stormy past relationship between respondent and his previous live-in girlfriend, and any marijuana use by respondent, could still relate to K.W.'s welfare when in his care.

The court did not articulate why it dismissed petitioner's March 1991 petition to modify, or explain the denial of her motion to reconsider, or in the alternative, to clarify. If the court dismissed on the grounds of deficient pleadings, it was error.

This court recently vacated a dismissal order in a case where the circuit court did not specify the reasons it granted the order. In *Muck v. Van Bibber* (1992), 223 Ill. App. 3d 830, 585 N.E.2d 1147, we discussed the difficulty faced by a reviewing court when the circuit court provides no rationale for its ruling. Courts of review must expend time when forced to consider each potential basis for a circuit court's ruling. If trial courts provide the bases for ruling, it promotes judicial economy.

In this case, none of the potential reasons for the dismissal can be upheld. The trial judge erred when he dismissed the March 1991 motion to modify custody with prejudice. Neither *res judicata* nor collateral estoppel precluded the circuit court from considering petitioner's motion. In addition, Supreme Court Rule 273 should not

have been applied to bar her petition, and her pleadings appear sufficient to survive respondent's motion.

■ Petitioner finally argues the court abused its discretion by awarding attorney fees to respondent because her petition to modify the custody order was not vexatious and did not constitute harassment, the conditions for which the Act authorizes attorney fees (see Ill. Rev. Stat. 1989, ch. 40, par. 610(c)). Although the trial court again did not state the reasons it granted respondent's request for attorney fees, it must have concluded petitioner's ongoing efforts to obtain modification of custody met these conditions.

Allowance of attorney fees is within the discretion of the circuit court and should not be overturned absent clear abuse. (*Hofmann v. Hofmann* (1983), 94 Ill. 2d 205, 229, 446 N.E.2d 499, 509; *In re Marriage of Ziemer* (1989), 189 Ill. App. 3d 966, 969, 546 N.E.2d 229, 230.) Because we have concluded the court erred by dismissing the 1991 petition, the award of attorney fees to respondent cannot stand.

In the conclusion of his appellate brief and by motion, respondent asks this court to award him attorney fees incurred during this appellate process, citing Rule 375(b) (134 Ill. 2d R. 375(b)). Because petitioner has succeeded on appeal, we see no basis for such sanctions, which are generally sought by motion in the circuit court at the conclusion of an appeal. See *In re Marriage of Emery* (1989), 179 Ill. App. 3d 744, 752, 534 N.E.2d 1014, 1019; *In re Marriage of Legge* (1982), 111 Ill. App. 3d 198, 212, 443 N.E.2d 1089, 1098-99.

We reverse the circuit court's dismissal with prejudice of petitioner's motion to modify custody and remand for a hearing. We also conclude the circuit court erred by ordering petitioner to pay respondent's attorney fees and reverse that award. Finally, we reject respondent's request for attorney fees in connection with this appeal and deny his motion for such sanctions.

Reversed and remanded.

GREEN, P.J., and STEIGMANN, J., concur.