*In re* MARRIAGE OF JAYSON E. RUDD, Petitioner-Appellee, and STACEY R. RUDD, Respondent-Appellant.

Fourth District    No. 4—97—0680

━━━━━━━━

Opinion filed December 12, 1997.

Jeffrey Alan Ryva (argued), of Husch & Eppenberger, of Peoria, for appellant.

Nicholas H. Ores (argued), of Peoria, for appellee.

JUSTICE GARMAN delivered the opinion of the court:

In May 1997, the trial court of Tazewell County, as part of a dissolution judgment, granted petitioner unsupervised visitation with his three-year-old daughter, Brittinee. In rendering its decision, the trial court denied respondent's request that petitioner's visitation rights be terminated or restricted because of petitioner's alleged sexual abuse of the parties' then four-year-old niece, G.T. Respondent appeals, arguing the trial court erred (1) in applying section 606(e) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/606(e) (West 1996)) to bar testimony of certain hearsay statements made by G.T., or, alternatively, (2) by not conducting a hearing to determine the reliability of G.T.'s statements as required under section 8—2601(a) of the Code of Civil Procedure (Code) (735 ILCS 5/8—2601(a) (West 1996)). For the following reasons, we reverse and remand for further proceedings.

## I. BACKGROUND

The parties married in June 1994 and separated in April 1996. They agreed respondent would maintain custody of Brittinee, who was born in August 1994, and further agreed petitioner would be allowed reasonable visitation with her. After the parties' separation, petitioner visited Brittinee on several occasions.

In October 1996, petitioner was alleged to have sexually molested his niece, G.T. As a result of the allegations, respondent has refused petitioner access to Brittinee. The record does not indicate whether petitioner was ever charged with sexually abusing G.T. or whether any adjudication or finding of guilt has been made on such a claim.

In May 1997, the trial court entered a judgment dissolving the marriage of the parties and conducted a hearing on the issue of petitioner's visitation rights. Respondent requested the trial court either deny or restrict petitioner's visitation of Brittinee in light of his alleged sexual misconduct. At the hearing, respondent sought to introduce the testimony of Josh Hendrix, a child protection investigator with the Department of Children and Family Services (DCFS). Hendrix was the DCFS representative who was in charge of investigating the claims of sexual abuse involving G.T.

■ Hendrix was initially questioned about his qualifications and DCFS investigative procedures. Hendrix then was asked about an interview he conducted with G.T. At this time, petitioner's counsel objected, arguing any testimony as to statements made by G.T. was inadmissible hearsay. Respondent's counsel recognized Hendrix's testimony as hearsay but contended it nonetheless was admissible as an exception to the hearsay rule under section 606(e) of the Act or, alternatively, under section 8—2601(a) of the Code. Section 606 of the Act governs hearings concerning custody and visitation rights and provides, in relevant part:

"Previous statements made by the child relating to any allegations that the child is an abused or neglected child within the meaning of the Abused and Neglected Child Reporting Act [(325 ILCS 5/1 *et seq.* (West 1996))], or an abused or neglected minor within the meaning of the Juvenile Court Act of 1987 [(705 ILCS 405/1—1 *et seq.* (West 1996))], shall be admissible in evidence in a hearing concerning custody of or visitation with the child. No such statement, however, if uncorroborated and not subject to cross-examination, shall be sufficient in itself to support a finding of abuse or neglect." 750 ILCS 5/606(e) (West 1996).

Similarly, section 8—2601(a) of the Code states:

"An out-of-court statement made by a child under the age of 13 describing any act of child abuse or any conduct involving an unlawful sexual act performed in the presence of, with, by, or on the declarant child, or testimony by such of an out-of-court statement made by such child that he or she complained of such acts to another, is admissible in any civil proceeding, if: (1) the court conducts a hearing outside the presence of the jury and finds that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and (2) the child either: (i) testifies at the proceeding; or (ii) is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement." 735 ILCS 5/8—2601(a) (West 1996).

After considering the parties' arguments, the trial court determined neither section 606(e) of the Act nor section 8—2601(a) of the Code provides a basis for allowing Hendrix to testify about G.T.'s statements of abuse made during the course of the interview. The trial court determined section 606(e) does not cover statements made by a child whose visitation is not at issue. Because the visitation of Brittinee, and not G.T., was at issue in the underlying hearing, the trial court reasoned section 606(e) of the Act does not apply to allow Hendrix's testimony.

The trial court found section 8—2601(a) inapplicable because any testimony by Hendrix concerning G.T.'s statements would be unreli-

able and, as such, would be inadmissible hearsay. The trial court specifically stated:

"So what [respondent is] attempting to do is to bring in hearsay statements. You're not bringing in findings or convictions of proven allegations of sexual abuse of the father with another child. *** [W]e have to stop at some point with just total hearsay.

And what you're doing now is you're bringing in the hearsay statement of [G.T.] concerning actions with [G.T.] This isn't [G.T.] coming in and giving statements ***.

That's the distinction here ***. And we have to have some. stopping point. We have to have some ability to cross-examine these hearsay statements.

* * *

I do not think that [section] 8—2601 [of the Code] is applicable here under the scenario that's been presented to me. I think what you're attempting to do goes beyond any safeguards of reliability, and I'm not going to allow it. So that's my ruling."

After further argument by the parties' attorneys, the trial court reaffirmed its position, stating:

"My ruling is that I still don't see how [section] 8—2601 [applies], that an out-of-court statement made by a child, not a party to this divorce in and of itself, is going to be sufficient *** because it's totally hearsay *** unless you have some corroboration.

Now, if you bring the child in, then the hearsay objection is gone."

Contrary to the trial court's suggestion, respondent's counsel decided not to elicit G.T.'s testimony. Instead, respondent's counsel made an offer of proof as to what would have been established by the testimonies of Hendrix and additional witnesses other than G.T. The trial court ultimately determined that petitioner did not pose a significant threat to Brittinee and, accordingly, awarded him reasonable and unsupervised visitation rights.

On May 29, 1997, respondent filed a motion requesting the trial court to reconsider its decision or, in the alternative, to stay the effect of that decision pending her appeal. On August 4, 1997, the trial court denied respondent's motion to reconsider and, additionally, denied her request to stay the visitation order. Respondent timely filed her notice of appeal the following day.

## II. ANALYSIS

On appeal, respondent argues the trial court erred in concluding neither section 606(e) nor section 8—2601 allows the introduction of Hendrix's testimony. The admissibility of evidence lies within the sound discretion of the trial court, and a reviewing court will not re-

verse the trial court's decision absent a clear abuse of discretion. *Holder v. Caselton*, 275 Ill. App. 3d 950, 958, 657 N.E.2d 680, 687 (1995).

## A. Section 606(e) of the Act

Respondent initially contends the trial court misconstrued the scope of section 606(e). According to respondent, section 606(e) applies to statements of any child and, therefore, the trial court erred in ruling that this section applied only to statements made by Brittinee and not G.T. Petitioner, on the other hand, argues that, because G.T. is not "the child" as that phrase is used in section 606(e), any statements made by her concerning the purported sexual misconduct by petitioner are outside the purview of that provision's hearsay exception.

■ Upon review of the specific language of the Act, we conclude the trial court did not abuse its discretion in limiting testimony under section 606(e) to statements made only by Brittinee. The hearsay exception found in section 606(e) is part of the Act's provisions governing child custody and visitation matters and states, in pertinent part, "[p]revious statements made by *the child* relating to any allegations [of abuse] *** shall be admissible in evidence in a hearing concerning custody of or visitation with *the child*." (Emphasis added.) 750 ILCS 5/606(e) (West 1996). A basic principle of statutory construction is to effectuate the intent of the legislature. *Ruva v. Mente*, 143 Ill. 2d 257, 263, 572 N.E.2d 888, 891 (1991). In determining the legislature's intent, the court must look to the specific wording of the statute and evaluate the wording in its entirety, considering each section in connection with other sections. *Bonaguro v. County Officers Electoral Board*, 158 Ill. 2d 391, 397, 634 N.E.2d 712, 714 (1994). When the intent can be ascertained from the plain language of the statute, that intent must prevail. *DiFoggio v. Retirement Board of the County Employees Annuity & Benefit Fund*, 156 Ill. 2d 377, 382, 620 N.E.2d 1070, 1073 (1993), quoting *Illinois Power Co. v. Mahin*, 72 Ill. 2d 189, 194, 381 N.E.2d 222, 224 (1978). The language of subsection (e) explicitly refers to statements made by *the child* who is the subject of the custody or visitation proceedings. The specific wording of this provision does not support a finding that this hearsay exception encompasses statements made by a child who is a third party to those proceedings. Moreover, in construing section 606 as a whole, we find that the legislature clearly intended this section's provisions apply only to the child whose custody or visitation is at issue. We, therefore, find no error in the trial court's ruling that Hendrix's testimony concerning statements of abuse described by G.T. is not allowed under 606(e).

According to respondent, this court in *In re Marriage of Fields*, 283 Ill. App. 3d 894, 671 N.E.2d 85 (1996), read subsection (e) to cover statements of abuse made by any child irrespective of whether the child is the subject of the custody or visitation proceedings. In support of her position, respondent specifically cites this court's statement that "section 606 of the Act specifically provides that *'[p]revious* statements made by [a] child relating to *any* allegations that the child is an abused or neglected child' are admissible in a custody or visitation hearing." (Emphasis in original.) *Fields*, 283 Ill. App. 3d at 902, 671 N.E.2d at 91, quoting 750 ILCS 5/606(e) (West 1994). Respondent urges that this court's substitution of the term "a" for the term "the" indicates the court interpreted subsection (e) to cover statements of any child. Respondent asserts G.T. was "a" child who made previous statements relating to allegations of abuse and, thus, argues Hendrix's testimony is admissible under subsection (e).

Respondent's reliance on *Fields* is misplaced. In *Fields*, this court construed section 606 to support its holding on what type of hearing should be conducted following a temporary visitation order and not, as respondent contends, to determine whose statements are covered by that section's hearsay exception. See *Fields*, 283 Ill. App. 3d at 901-04, 671 N.E.2d at 89-92. We note that, in construing and applying a statute's provisions, the specific language of the statute, and not judicial substitutions thereof, controls the court's analysis. The substitution of the statutory term "the" with "a" was merely a convenient way for the court to clarify its position and in no way suggests the interpretation urged by respondent.

### B. Section 8—2601 of the Code

In the alternative, respondent argues the trial court erred in applying section 8—2601(a). Respondent asserts that she had a right under subsection (a) to demonstrate that petitioner's visitation would expose Brittinee to an injurious environment and specifically asserts error in the trial court's failure to conduct a reliability hearing before barring Hendrix's testimony. Conversely, petitioner contends the trial court properly determined that G.T.'s statements were unreliable.

■ Section 8—2601 contemplates the issue of sexual misconduct against a child may be relevant in a civil proceeding and is the civil counterpart to section 115—10 of the Code of Criminal Procedure of 1963 (Criminal Code) (725 ILCS 5/115—10 (West 1996)). Both sections contain essentially identical provisions and allow a party to introduce into evidence a child's hearsay statements detailing instances of abuse. Before such evidence is admissible under either section,

however, two procedural conditions must be satisfied. First, the court must conduct a hearing to determine whether the "time, content, and circumstances of the statement provide sufficient safeguards of reliability." 735 ILCS 5/8—2601(a)(1) (West 1996); 725 ILCS 5/115—10(b)(1) (West 1996). Second, the statements must be corroborated either by the testimony of the declarant child or, if the child is unavailable, other evidence of the act which is the subject of the statements. 735 ILCS 5/8—2601(a)(2) (West 1996); 725 ILCS 5/115—10(b)(2) (West 1996). Because the focus here is whether the trial court made the required determination in finding G.T.'s statements unreliable, the corroboration prong need not be addressed.

Research has disclosed no case law discussing subsection (a)(1) of the Code. Nonetheless, we believe the specific language of section 8—2601(a), as well as case law applying section 115—10 of the Criminal Code, provides adequate guidance for our analysis.

The Code mandates that, before a child's hearsay statement is admissible under section 8—2601(a), the court must conduct a hearing to determine whether the proffered statement is reliable. 735 ILCS 5/8—2601(a)(1) (West 1996). The proponent has the burden of producing evidence sufficient to demonstrate the statements possess a particular guarantee of trustworthiness. See *People v. Coleman*, 205 Ill. App. 3d 567, 583, 563 N.E.2d 1010, 1020 (1990) (because the section 115—10 hearsay exception is not a firmly rooted hearsay exception, "the statement must show a particular guarantee of trustworthiness to be admissible"). In determining reliability, the court must focus on the time, content and circumstances that surround the making of the statement. 735 ILCS 5/8—2601 (West 1996); see *People v. Barger*, 251 Ill. App. 3d 448, 462, 624 N.E.2d 405, 414 (1993) ("when evaluating the facial reliability of the hearsay statements" under section 115—10, the court should "solely evaluate the circumstances when the child-declarant made the statements"). Thus, the required determination of reliability can be made only after evidence concerning the circumstances surrounding the making of the proffered statement has been presented and considered by the court.

■ In the present case, the trial court determined reliability without examining any evidence relevant to the competency of G.T.'s statements. The record indicates the trial court, in declaring G.T.'s statements unreliable, did not consider any evidence concerning the time, content or circumstances of those statements. In fact, the trial court could not conceivably have considered such evidence because no evidence concerning G.T.'s descriptions of abuse was ever presented at the visitation proceeding. The record suggests that the trial court made its determination of reliability solely on the basis of who

was testifying about G.T.'s statements. According to the trial court, any testimony by Hendrix, and presumably by any other individual, concerning G.T.'s descriptions of abuse would be "totally hearsay," and, as such, could not be introduced under section 8—2601(a). By basing its determination on who was testifying, rather than on the time, content and circumstances of the proffered statements, the trial court erroneously concluded G.T.'s statements were unreliable.

Although the trial court correctly recognized Hendrix's testimony would be hearsay, the trial court misunderstood the applicability of section 8—2601(a). The trial court explained the hearsay problem created by Hendrix's testimony could be overcome only by having G.T. testify at the proceeding. Section 8—2601(a) does not limit whose testimony may be presented at the reliability stage and explicitly allows an individual to testify about statements made by a child describing instances of abuse provided the statements demonstrate an indicia of reliability and are substantiated by either the testimony of the declarant child or other corroborative evidence. See 735 ILCS 5/8—2601(a) (West 1996) (allowing "testimony *** of an out-of-court statement [describing abuse] made by [a] child that he or she complained of such acts to another"). Moreover, this court has interpreted a substantially similar provision in section 115—10 to allow testimony of persons to whom the child complained. See *People v. Roy*, 201 Ill. App. 3d 166, 183, 558 N.E.2d 1208, 1220-21 (1990). The trial court apparently was concerned about the petitioner's inability to cross-examine G.T. if Hendrix was allowed to testify. However, any concerns entertained by the trial court are addressed by the reliability hearing itself. Requiring the court to hear and consider evidence concerning the reliability of the child's statements ensures such evidence is competent, thereby compensating for the party's inability to cross-examine the declarant. See *Coleman*, 205 Ill. App. 3d at 583-84, 563 N.E.2d at 1020 (reliability hearing under section 115—10 complies with the confrontation clause's required showing of particular guarantees of trustworthiness); *Barger*, 251 Ill. App. 3d at 462, 624 N.E.2d at 413 (reliability hearing under section 115—10 is required because "admitting hearsay statements denies [a party] the opportunity to cross-examine the out-of-court declarant"); see also *In re E.P.*, 167 Ill. App. 3d 534, 541, 521 N.E.2d 603, 608 (1988) (because " '[s]tatements to be admitted pursuant to a hearsay exception must possess the "indicia of reliability" and provide the "satisfactory basis for evaluating the truth of the prior statement," ' " the " 'actual treatment of hearsay in Illinois should rarely conflict with the confrontation clause's search for trustworthiness,' " quoting M. Graham, Cleary & Graham's Handbook of Illinois Evidence § 807.1,

at 616-17 (4th ed. 1984)). The declarant child's testimony is not required to demonstrate reliability under subsection (a)(1) and, contrary to the trial court's suggestion, Hendrix, as well as other individuals, could properly testify about G.T.'s descriptions of abuse.

We disagree with the trial court to the extent it asserts that, because the allegations of sexual abuse against G.T. had not been established prior to the underlying hearing, the proffered statements are not relevant to the issue of Brittinee's visitation. Allegations of abuse do not become irrelevant in a visitation proceeding merely because a finding of guilt has not been entered against the accused party. Clearly, a parent's alleged sexual misconduct toward a child, whether or not his or her own, is relevant in determining the visitation rights of that parent, particularly when, as is the case here, the alleged child-victim is a close family member and similar in age to the child whose visitation is at issue. If we adopted the trial court's position, a party to a visitation proceeding could not introduce evidence tending to show that the accused party sexually abused a child unless the alleged abuse has been already established. In other words, where no finding of guilt has been made, a court could never consider allegations of abuse in determining the accused party's visitation rights. Requiring the court to essentially ignore allegations of abuse would greatly enhance the risk of subjecting the child to a dangerous environment. We see no sound reason for precluding respondent from attempting to prove the allegations of abuse made against petitioner.

Upon review of the record, we conclude the evidence presented at the underlying hearing does not provide a sufficient basis from which the trial court could have reasonably determined the reliability of G.T.'s statements under section 8—2601(a) of the Code. Therefore, we find the exclusion of Hendrix's testimony was an abuse of the trial court's discretion. The trial court should have reserved ruling on the hearsay objection of petitioner's counsel until it heard and considered evidence relating to the reliability of G.T.'s statements. Accordingly, we remand the matter with directions that respondent be allowed to present evidence concerning the circumstances surrounding G.T.'s descriptions of sexual abuse.

## III. CONCLUSION

For the foregoing reasons, we reverse the trial court's visitation order and remand for further proceedings.

Reversed and remanded with directions.

KNECHT and STEIGMANN, JJ., concur.