2024 IL App (2d) 240197-U
No. 2-24-0197
Order filed December 12, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| NICOLE BESHEL, | ) | Appeal from the Circuit Court |
| | ) | of Lake County. |
| Petitioner-Appellee and | ) | |
| Cross-Appellant, | ) | |
| v. | ) | Nos. 13-F-491 |
| | ) | 19-F-939 |
| | ) | |
| CHRISTOPHER S. LEHMAN, | ) | |
| | ) | Honorable |
| Respondent-Appellant and | ) | Jacquelyn D. Melius, |
| Cross-Appellee. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Jorgensen and Mullen concurred in the judgment.

**ORDER**

¶ 1 *Held*: This court could not consider the merits of respondent's arguments due to a lack of jurisdiction and due to his failure to provide a sufficient record.

¶ 2 Respondent, Christopher Lehman, appeals *pro se* from various orders of the circuit court of Lake County that set his child support obligations for his two minor children, allocated his parental responsibilities, and determined what fees he was obligated to pay related to the proceedings. We dismiss part of his appeal due to lack of jurisdiction and affirm the remainder.

¶ 3                                 I. BACKGROUND

¶ 4    Christopher and petitioner, Nicole Beshel, have two children together:  TJL, born September 24, 2012, and KAL, born November 29, 2019.  In 2012, Nicole initiated a parentage action, which culminated in a joint parenting agreement on February 18, 2014.  This agreement was subsequently amended later in 2014 and again in 2016.  Pursuant to those orders, Nicole had sole decision-making authority over TJL and, as of 2016, joint decision making on extra-curricular activities by agreement.  The routine parenting time schedule for TJL in place, from March 2014 through January 2020, gave Nicole eight and Christopher six overnights in a two-week period.  Christopher's support obligation was originally set in October 2013 at $50 per week.

¶ 5    On November 12, 2019, Christopher filed a petition to modify the amended joint parenting agreement.  He sought to reallocate parental responsibility, expand his parenting time, and set child support.  On December 6, 2019, Christopher filed a new petition regarding the parties' daughter KAL.  Christopher sought to establish paternity, the sole allocation of parental responsibilities, and parenting time.  In response, Nicole filed a motion to modify parenting time and extra-curricular decision making and a motion to modify child support.  The trial court consolidated both of Christopher's petitions and appointed a guardian *ad litem* (GAL) for the children.

¶ 6    On January 9, 2020, the parties agreed that Christopher would have custody of TJL every Monday at 8:30 am through Wednesday at 8:30 am and alternating weekends on Friday at 8:30 am to Sunday at 6 pm.  On November 19, 2020, the parties agreed that Christopher would have this same custody arrangement as to KAL.

¶ 7    In September 2023, the trial court conducted a trial on Christopher's petitions.  On November 17, 2023, the trial court entered an allocation judgment of parental responsibilities and parenting plan.  As relevant to this appeal, the trial court assigned sole decision-making authority to Nicole for the children's education, extracurricular activities, health care and religion after

consultation and consideration of Christopher's position. The trial court ordered that the parenting schedule that had been in place since January 2020 would remain in effect.

¶ 8      In addition to the allocation judgment, the trial court determined Christopher's child support obligations. The trial court reduced Christopher's monthly child support obligation retroactive to January 11, 2021. For the period of January 11, 2021, through December 31, 2023, it reduced Christopher's monthly support from $608 to $212. As of January 1, 2024, it reduced his monthly payment to $165. The trial court determined that Christopher's child support arrearage was $3,990.

¶ 9      On December 12, 2023, following a hearing, the trial court determined that Christopher owed $13,960 in GAL fees.

¶ 10      On February 2, 2024, Nicole filed a petition for a rule to show cause due to Christopher's alleged failure to pay certain extra-curricular and school activity fees. On February 8, 2024, Christopher filed a motion for leave to file his own rule to show cause, asserting that Nicole owed him over $1,000 for expenses that he had incurred on behalf of the children.

¶ 11      On February 14, 2024, the trial court denied both parties motions to reconsider. The trial court also denied Christopher's application for a waiver of court fees. The trial court found that he was not indigent. It noted that he pays TJL's private school tuition, takes discretionary draws from his company, has access to funds in his business accounts, and owns his home free of any encumbrances.

¶ 12      On March 13, 2024, Christopher filed two notices of appeal seeking review of the trial court's (1) November 17, 2023, allocation judgment and support order; (2) December 12, 2023,

GAL fee order and (3) the February 14, 2024, fee waiver order.[1]  Nicole filed a notice of cross-appeal, but subsequently decided not to pursue it.

¶ 13                                    II. ANALYSIS

¶ 14    At the outset, we note that Nicole argues that this court lacks jurisdiction over most of Christopher's appeal because the record does not reveal that all the issues below have been resolved.  Specifically, Nicole points to her rule to show cause and Christopher's motion seeking leave to file his own petition as remaining pending when Christopher filed his notice of appeal.

¶ 15    "An order is final and appealable if it terminates the litigation between the parties on the merits or disposes of the rights of the parties, either on the entire controversy or a separate part thereof."  (Internal quotation marks omitted.)  *In re Marriage of Gutman*, 232 Ill. 2d 145, 151 (2008).  Under Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016),

> "[i]f multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both."

"[A] 'claim' is any right, liability or matter raised in an action."  *Marsh v. Evangelical Covenant Church of Hinsdale*, 138 Ill. 2d 458, 465 (1990).  "Absent a Rule 304(a) finding, a final order

---

[1]We are cognizant of our obligation under Supreme Court Rule 311(a)(5) (eff. July 1, 2018) to issue our decision within 150 days after Christopher filed his notice of appeal.  However, due to Christopher's appellate counsel moving to withdraw just five days before the 150-day deadline was set to expire and because of Christopher's repeated requests for an extension of time to file his brief thereafter, we were unable to comply with that deadline.

disposing of fewer than all of the claims is not an appealable order and does not become appealable until all of the claims have been resolved." *Gutman*, 232 Ill. 2d at 151. There are only limited exceptions to this rule. See Ill. S. Ct. R. 304 (b)(6) (eff. Mar. 8, 2016) (allowing for the appeal of certain specified judgments including an allocation judgment without 304(a) findings).

¶ 16 Nothing in the record indicates that the trial court resolved Nicole's rule to show cause and Christopher's motion seeking leave to file his own petition for a rule to show cause. Because the trial court made no Rule 304(a) finding despite these pending claims, this court only has jurisdiction to consider the propriety of the trial court's allocation judgment. See *id.* As to the remainder of the appeal, we note that *In re Marriage of Knoerr*, 377 Ill. App. 3d 1042, 1049-50 (2007), provides for possible reinstatement of the appeal. Christopher's options depend on whether the trial court's jurisdiction has lapsed since the orders it entered on February 14, 2024.

¶ 17 If the trial court's jurisdiction has not lapsed, Christopher must file a timely notice of appeal. See *id.* That is, Christopher must file a notice of appeal within 30 days after (1) a Rule 304(a) finding on the February 14, 2024 order, or, if no such finding is entered, (2) the final judgment on the last pending claim (provided that if either party files or has filed a timely postjudgment motion, petitioner must wait for the ruling on that motion and file his notice of appeal within 30 days thereafter (see Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017)).

¶ 18 If, however, the trial court's jurisdiction has lapsed, such that it is now too late to file a timely notice of appeal, Christopher may invoke the savings provision of Illinois Supreme Court Rule 303(a)(2) (eff. July 1, 2017), which states, in pertinent part, that "a notice of appeal filed before the entry of the order disposing of the last pending postjudgment motion, or before the final disposition of any separate claim, becomes effective when the order disposing of said motion or claim is entered." Under this rule, we may give effect to Christopher's premature notice of appeal

upon the resolution of the last pending claim. Thus, if he cannot file a timely notice of appeal, Christopher may move within 21 days to establish our jurisdiction by supplementing the record to show *both* (1) the rulings on any pending claims *and* (2) the absence of any claims still pending. If the motion is well founded, we will grant it, vacate this order, and proceed to the merits.[2]

¶ 19    Turning to the one issue that this court does have jurisdiction over—the propriety of the trial court's September 2023 allocation judgment—Nicole argues that we should dismiss Christopher's appeal as to this issue as well due to his failure to provide a sufficient record. Specifically, she points out that Christopher has failed to include in the record: (1) the parties' September 2023 trial stipulations; (2) a transcript of proceedings or bystander's report from the September 20, 2023 trial; (3) all exhibits admitted into evidence at the September 2023 trial; (4) a report of proceedings or bystander's report and exhibits admitted into evidence at the hearing on the parties' respective motion to reconsider.

¶ 20    "From the very nature of an appeal it is evident that the court of review must have before it the record to review in order to determine whether there was the error claimed by the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). The appellant "has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was

---

[2]In *Knoerr* and several subsequent cases, we stated that an appellant may pursue this course via a petition for rehearing. See, *e.g.*, *Knoerr*, 377 Ill. App. 3d at 1050. However, a petition for rehearing is technically an inappropriate vehicle because the establishment of our jurisdiction in the manner described does not raise any error in our decision. See Ill. S. Ct. R. 367(b) (eff. Nov. 1, 2017).

in conformity with law and had a sufficient factual basis" with "[a]ny doubts which may arise from the incompleteness of the record of the record [to] be resolved against the appellant." *Id.* at 391-92.

¶ 21    In challenging the trial court's allocation of parental responsibilities, Christopher specifically contends that the trial court erred in formulating a parenting time schedule and allocating to Nicole sole decision-making authority as to the children's health, education, religion and extracurricular activities. Decisions adjudicating parenting issues are entitled to a "strong and compelling presumption" in favor of validity "because [the trial court] is in a superior position to evaluate the evidence and determine the best interests of the child." *In re Marriage of Agers*, 2013 IL App (5th) 120375, ¶ 25. A trial court's determination regarding the child's best interests will not be reversed on appeal unless it is against the manifest weight of the evidence, and it appears that a manifest injustice has occurred. *In re P.D.*, 2017 IL App (2d) 170355, ¶ 18. The trial court's decision is against the manifest weight of the evidence only if the evidence "clearly" calls for a conclusion opposite to that reached by the trial court or only if the factual findings on which the decision depends are clearly, plainly, and indisputably erroneous. *Id.*

¶ 22    Based on this standard of review, it is impossible for us to assess whether the trial court's decision was against the manifest weight of the evidence when not all the evidence that the trial court considered is before us. As such, we have no basis to disturb the trial court's decision. See *Foutch*, 99 Ill. 2d at 391-92.

¶ 23                                III. CONCLUSION

¶ 24    For the reasons stated, we affirm the trial court's allocation of parental responsibilities between the parties. The remainder of Christopher's appeal is dismissed.

¶ 25    Appeal dismissed in part; judgment affirmed in part.