2019 IL App (4th) 190125

NO. 4-19-0125

FILED
July 18, 2019
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| ARIKA M., | ) | Appeal from the |
|     Petitioner-Appellee, | ) | Circuit Court of |
|     v. | ) | Champaign County |
| CHRISTOPHER M., | ) | No. 18OP809 |
|     Respondent-Appellant. | ) | |
| | ) | Honorable |
| | ) | Wm. Hugh Finson, |
| | ) | Judge Presiding. |

---

JUSTICE TURNER delivered the judgment of the court, with opinion.
Justices DeArmond and Harris concurred in the judgment and opinion.

**OPINION**

¶ 1        In December 2018, petitioner, Arika M., filed a verified petition for an order of protection on behalf of herself and her three daughters, Av. M. (age 7), Al. M. (age 13), and Au. M. (age 11), against respondent, Christopher M., her estranged husband and the father of the three girls. After a two-day hearing, the Champaign County circuit court granted petitioner a plenary order of protection on behalf of the minor children against respondent, which expires on July 29, 2019. The order of protection reduced respondent's visitation with the minor children to four hours every Sunday to be supervised by "Jack or Patty [M.]," respondent's parents. Respondent was also allowed one telephone call per week per child.

¶ 2        Respondent appeals, asserting the circuit court erred by (1) admitting the minor children's hearsay statements, (2) failing to make the required findings in entering the order of protection, and (3) granting the plenary order of protection. We reverse and remand for new

proceedings.

¶ 3                                    I. BACKGROUND

¶ 4        Since April 2016, the parties have had a pending petition for dissolution of their marriage in Champaign County. Petitioner had primary residential custody of the parties' three daughters, and respondent had parenting time overnight on Wednesdays and every other weekend. Respondent resides in the former marital residence.

¶ 5        In the December 2018 petition for an order of protection, petitioner alleged, *inter alia*, Au. M. did not want to be around respondent at Al. M.'s December 4, 2018, band concert and was not acting normally. After the concert, petitioner asked Al. M. what was going on, and Al. M. cried and refused to say anything because respondent was her dad. Later that night, petitioner read Au. M.'s diary. The next day, petitioner took the diary to the Illinois State Police. On December 7, 2018, all three daughters were interviewed at the Children's Advocacy Center. Petitioner attached to her petition a letter from Illinois State Trooper Corrine Mead, detailing what the girls disclosed during the interviews. Trooper Mead noted the girls stated respondent touched them in their private areas and took baths with them. They also stated respondent walked in the bathroom and opened the curtain while they showered, even after they had requested him to leave. The girls reported feeling uncomfortable and unsafe while in respondent's custody. Thereafter, the Department of Children and Family Services (DCFS) opened a case. Petitioner alleged respondent voluntarily agreed not to be a caretaker for the minor children until the DCFS and criminal investigations were over. In support of that allegation, petitioner attached a letter from Carla Jones, a DCFS child protection investigator, to the minor children's school, advising a school official respondent had agreed not to be a caretaker during the pending investigation and that the school should not release the minor

children to respondent. However, respondent changed his mind and wanted visitation with his daughters. Petitioner alleged she did not think it was safe for her daughters to be alone with respondent, and the daughters were scared of respondent. In the petition, petitioner asked for physical care and possession of the minor children, temporary custody of the minor children, the court to reserve visitation until a further hearing, and an order prohibiting respondent from having any contact whatsoever with her and the girls.

¶ 6　　On December 19, 2018, the circuit court issued an emergency order of protection against respondent, reserving visitation until further order of the court and prohibiting respondent from having any contact with petitioner and the girls. The emergency order of protection remained in effect until the completion of the hearing on the plenary order of protection.

¶ 7　　On January 28, 2019, the circuit court commenced the hearing on petitioner's request for a plenary order of protection. Petitioner testified on her own behalf and called respondent as an adverse witness. She also presented the testimony of Kate Wheeler, the girls' counselor. Respondent testified on his own behalf and presented the testimony of the following: (1) Robert Jacobson, the limited guardian *ad litem* in the divorce case; (2) John Kelly, respondent's friend; (3) Dustin Ehler, who used to work for respondent's family; (4) Patricia M., respondent's mother; and (5) John M., respondent's father. He also presented (1) an August 2, 2018, report by the limited guardian *ad litem*, (2) text messages between the parties, and (3) photographs of respondent and the girls.

¶ 8　　During the direct examination of Wheeler, respondent's counsel raised a hearsay objection to a question asking Wheeler to disclose what Au. M. told her regarding abuse during a counseling session on November 20, 2018. Respondent's counsel asserted admissibility of the minor's out-of-court statements was governed by section 8-2601 of the Code of Civil Procedure

(Procedure Code) (735 ILCS 5/8-2601 (West 2018)) and petitioner had not established the requirements for admissibility. Specifically, the child was not present to testify, and petitioner had not made a showing of the child's unavailability. Petitioner's counsel argued section 606.5(c) of the Illinois Marriage and Dissolution of Marriage Act (Dissolution Act) (750 ILCS 5/606.5(c) (West 2018) (formerly section 606(e) of the Dissolution Act)) applied. Respondent's counsel asserted that, even if section 606.5(c) applied, the statements were not admissible unless corroborated. In response, petitioner's counsel suggested the circuit court should reserve ruling until additional evidence corroborating the out-of-court statements could be presented. The court reserved ruling on the objection to "wait and see what corroboration there is and what indicia of reliability there is." Both Wheeler and petitioner then gave testimony that included out-of-court statements made by the three girls.

¶ 9        After the close of petitioner's evidence, the circuit court took up the issue on the admissibility of the girls' out-of-court statements. Respondent's counsel argued petitioner did not present any corroborating evidence and noted petitioner failed to present any medical evidence of abuse. Petitioner's counsel asserted the girls' demeanors and actions were corroborative evidence. The court admitted the statements, agreeing with petitioner's counsel the girls' actions and demeanors corroborated their out-of-court statements. In admitting the statements, the court never specified the statute it relied upon. Once the court admitted the evidence, respondent's counsel made a motion for a directed finding. The court granted a directed finding in respondent's favor as to petitioner but denied a directed finding as to the parties' minor children.

¶ 10        At the conclusion of the hearing, the circuit court found "it's not clear at all when the incidents that have been described occurred; however, the court is satisfied that the incidents did occur." The court also noted it rejected the suggestion petitioner made up the allegations, in

response to the limited guardian *ad litem*'s August 2018 report, and stated a plenary order of protection would issue. The court then addressed the remedies to be included in the plenary order of protection. As to visitation, the court stated respondent's visitation needed to be supervised by one or both of respondent's parents. The court also found the duration of the plenary order should be six months. On January 29, 2019, the circuit court entered the written plenary order of protection, to expire on July 29, 2019, on behalf of the minor children against respondent. It gave respondent visitation with the girls for four hours every Sunday to be supervised by respondent's parents. Respondent was also allowed one telephone call per week per child.

¶ 11 On February 25, 2019, respondent filed a timely notice of appeal from the circuit court's order granting the plenary order of protection in sufficient compliance with Illinois Supreme Court Rule 303 (eff. July 1, 2017). See Ill. S. Ct. R. 307(a) (eff. Nov. 1, 2017) (providing the appeal must be perfected within 30 days of the interlocutory order and the notice of appeal must conform substantially to the notice of appeal in other cases). Accordingly, we have jurisdiction of this appeal pursuant to Illinois Supreme Court Rule 307(a)(1) (eff. Nov. 1, 2017). See *In re Marriage of Sanchez*, 2018 IL App (1st) 171075, ¶ 34, 105 N.E.3d 70 (noting "[a]n order of protection is injunctive in substance" and applying Rule 307(a)(1) to an appeal from an order on a motion to vacate a plenary order of protection).

¶ 12 II. ANALYSIS

¶ 13 A. Admissibility of the Minor Children's Statements

¶ 14 1. *Applicable Statute*

¶ 15 As the parties note, the different districts of the Illinois Appellate Court disagree on the statute that governs the admissibility of a child's out-of-court statements regarding abuse in order of protection cases when the alleged abuser is a parent. The two possible statutes are

section 606.5(c) of the Dissolution Act (750 ILCS 5/606.5(c) (West 2018) (formerly section 606(e) of the Dissolution Act)) and section 8-2601 of the Procedure Code (735 ILCS 5/8-2601 (West 2018)). In this case, the circuit court found the minor children's statements were corroborated but did not expressly state under which statute the children's statements were admissible. Regardless, we review an issue of statutory interpretation *de novo*. *Barragan v. Casco Design Corp.*, 216 Ill. 2d 435, 440, 837 N.E.2d 16, 20 (2005).

¶ 16        In construing a statute, this court's primary objective is to ascertain and give effect to the legislature's intent, and all other rules of construction are subordinate. *Barragan*, 216 Ill. 2d at 441. Courts "determine intent by reading the statute as a whole and considering all relevant parts." *Barragan*, 216 Ill. 2d at 441. When the statute's language is unambiguous, this court enforces the law as enacted by the legislature. *Barragan*, 216 Ill. 2d at 441. "Where two statutes are allegedly in conflict, a court has a duty to interpret the statutes in a manner that avoids an inconsistency and gives effect to both statutes, where such an interpretation is reasonably possible." *Barragan*, 216 Ill. 2d at 441-42.

¶ 17        Part VI of the Dissolution Act (750 ILCS 5/600 through 610.5 (West 2018)) addresses the allocation of parental responsibilities. Section 606.5 of the Dissolution Act (750 ILCS 5/606.5 (West 2018)) specifically pertains to hearings and addresses hearsay statements made by a child in subsection (c).

> "Previous statements made by the child relating to any allegations that the child is an abused or neglected child within the meaning of the Abused and Neglected Child Reporting Act [(325 ILCS 5/1 *et seq.* (West 2018))], or an abused or neglected minor within the meaning of the Juvenile Court Act of 1987 [(705 ILCS 405/1-1 *et seq.* (West 2018))], shall be admissible in evidence in a hearing

concerning allocation of parental responsibilities in accordance with Section 11.1 of the Abused and Neglected Child Reporting Act [(325 ILCS 5/11.1 (West 2018))]. No such statement, however, if uncorroborated and not subject to cross-examination, shall be sufficient in itself to support a finding of abuse or neglect." 750 ILCS 5/606.5(c) (West 2018).

¶ 18       Section 8-2601 (735 ILCS 5/8-2601 (West 2018)) is located in article VIII of the Procedure Code (735 ILCS 5/art. VIII (West 2018)), which addresses evidence. That section states the following:

"(a) An out-of-court statement made by a child under the age of 13 describing any act of child abuse or any conduct involving an unlawful sexual act performed in the presence of, with, by, or on the declarant child, or testimony by such of an out-of-court statement made by such child that he or she complained of such acts to another, is admissible in any civil proceeding, if: (1) the court conducts a hearing outside the presence of the jury and finds that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and (2) the child either: (i) testifies at the proceeding; or (ii) is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

(b) If a statement is admitted pursuant to this Section, the court shall instruct the jury that it is for the jury to determine the weight and credibility to be given to the statement and that, in making its determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factors.

(c) The proponent of the statement shall give the adverse party reasonable notice of an intention to offer the statement and the particulars of the statement."

735 ILCS 5/8-2601 (West 2018).

¶ 19 The statutory provisions providing for orders of protection are contained in article II of the Illinois Domestic Violence Act of 1986 (Domestic Violence Act) (750 ILCS 60/art. II (West 2018)). Under that article, section 205(a) (750 ILCS 60/205(a) (West 2018)) provides the following:

"Any proceeding to obtain, modify, reopen or appeal an order of protection, whether commenced alone or in conjunction with a civil or criminal proceeding, shall be governed by the rules of civil procedure of this State. The standard of proof in such a proceeding is proof by a preponderance of the evidence, whether the proceeding is heard in criminal or civil court. The Code of Civil Procedure [(735 ILCS 5/1-101 *et seq.* (West 2018))] and Supreme Court and local court rules applicable to civil proceedings, as now or hereafter amended, shall apply, except as otherwise provided by this law."

Article II also contains a hearsay exception, which applies to "an action for an order of protection on behalf of a high-risk adult with disabilities." 750 ILCS 60/213.1 (West 2018). We note the Procedure Code only addresses the admissibility of out-of-court statements related to child and elder abuse. See 735 ILCS 5/8-2601, 8-2701 (West 2018).

¶ 20 In *Daria W. v. Bradley W.*, 317 Ill. App. 3d 194, 199-200, 738 N.E.2d 974, 978 (2000), the Third District concluded the former statute for section 606.5(c), section 606(e) of the Dissolution Act (750 ILCS 5/606(e) (West 1998)), controlled the admission of a child's hearsay statement in an order of protection case where the alleged abuser was the father of the minor

children. It found section 606(e) was the more specific statute regarding the admission of out-of-court statements where the child alleges sexual abuse by a parent. *Daria W.*, 317 Ill. App. 3d at 199. The *Daria W.* court also noted section 606(e) specifically stated it applies to hearings concerning visitation with the child. *Daria W.*, 317 Ill. App. 3d at 199. In *Countryman v. Racy*, 2017 IL App (3d) 160379, ¶ 14, 83 N.E.3d 1097, the Third District followed *Daria W.* because the order of protection entered against the respondent impacted the minor children's custody and continued to do so during the pendency of the order of protection. The First District has applied section 606(e) when the petition for the order of protection was brought under the name and title of the original dissolution petition. *In re Marriage of Gilbert*, 355 Ill. App. 3d 104, 112, 822 N.E.2d 116, 122 (2004).

¶ 21 In *In re Marriage of Flannery*, 328 Ill. App. 3d 602, 608, 768 N.E.2d 34, 40 (2002), the Second District held section 8-2601 of the Procedure Code applied to the admissibility of a minor's out-of-court statements in order of protection cases where the alleged abuser was a parent. The *Flannery* court found the plain language of section 205(a) mandated the application of section 8-2601. *Flannery*, 328 Ill. App. 3d at 606. It noted nothing in the Domestic Violence Act provided the Dissolution Act applies in determining the admissibility of a minor's hearsay statements in order-of-protection cases. *Flannery*, 328 Ill. App. 3d at 606. The *Flannery* court emphasized the following:

> "Notably, section 214(b) of the Domestic Violence Act (750 ILCS 60/214(b) (West 2000)) contains 18 subsections listing various remedies that a court may grant in issuing an order of protection. Seven of those subsections refer to the [Dissolution] Act in some capacity. See 750 ILCS 60/214(b)(2), (b)(6), (b)(7), (b)(10), (b)(11), (b)(12), (b)(13) (West 2000). However, none of those subsections

require application of section 606(e) in a case brought under the Domestic Violence Act." *Flannery*, 328 Ill. App. 3d at 606.

After finding the Domestic Violence Act did not refer to section 606(e), the Second District also rejected the petitioner's argument the Dissolution Act applied because she sought physical care of the children, which she argued was the same as seeking temporary legal custody. The petitioner further contended section 214(b)(6) the Domestic Violence Act (750 ILCS 60/214(b)(6) (West 2000)) required temporary legal custody to be determined in accordance with the Dissolution Act. *Flannery*, 328 Ill. App. 3d at 607. The *Flannery* court noted the petitioner's position ignores section 214(b)(5) of the Domestic Violence Act (750 ILCS 60/214(b)(5) (West 2000)), which addressed physical care of the children but did not refer to the Dissolution Act. In rejecting the argument, the Second District gave no indication it would have applied section 606(e) even if the petitioner would have sought temporary legal custody of the minor children. Additionally, the *Flannery* court declined to follow *Daria W.*, noting the case never discussed the effect of section 205(a) of the Domestic Violence Act. *Flannery*, 328 Ill. App. 3d at 608. Subsequently, the First District followed *Flannery* in *Trinidad C. v. Augustin L.*, 2017 IL App (1st) 171148, ¶ 21, 92 N.E.3d 475, which involved an order of protection against a stepfather.

¶ 22 After considering the statutory scheme for both hearsay provisions as well as the Domestic Violence Act, we find section 8-2601 of the Procedure Code is the applicable statute. As the *Flannery* court noted, section 205(a) of the Domestic Violence Act (750 ILCS 60/205(a) (West 2018)) mandates the application of the Procedure Code and does not mention the Dissolution Act. At issue in an order of protection proceeding is whether the "petitioner has been abused by respondent, who is a family or household member." 750 ILCS 60/203(a) (West 2018). While possible remedies that can be part of an order of protection include an order addressing the

minor children's physical care and possession, an award of temporary decision-making responsibility to the petitioner, and a determination of the respondent's parenting time (750 ILCS 60/214(b)(5) through (b)(7) (West Supp. 2017)), those remedies are not an issue if the petitioner does not prove by a preponderance of the evidence the subject of the petition was abused by the respondent. Moreover, only section 214(b)(6) of the Domestic Violence Act requires the application of the Dissolution Act, and it provides for an award of temporary decision-making responsibility to the petitioner "in accordance with this Section, the [Dissolution Act], the Illinois Parentage Act of 2015 [(750 ILCS 46/101 *et seq.* (West 2018))], and this State's Uniform Child-Custody Jurisdiction and Enforcement Act [(750 ILCS 36/101 *et seq.* (West 2018))]." 750 ILCS 60/214(b)(6) (West Supp. 2017). Thus, the remedy is not solely controlled by the Dissolution Act. Further, as noted in *Flannery*, none of the three remedy provisions regarding minor children invoke section 606.5(c) of the Dissolution Act. Additionally, we note the Domestic Violence Act contains its own hearsay provision for a protected class, high-risk adults with disabilities, who are not covered by the hearsay provisions contained in the Procedure Code (certain victims of child and elder abuse), demonstrating the Domestic Violence Act is written in accord with the Procedure Code.

¶ 23        As to petitioner's claim section 8-2601 does not apply because it refers to a "jury trial," we note section 8-2601 of the Procedure Code (735 ILCS 5/8-2601 (West 2018)) is the civil counterpart to section 115-10 of the Code of Criminal Procedure of 1963 (Criminal Procedure Code) (725 ILCS 5/115-10 (West 2018)). See *In re Marriage of Rudd*, 293 Ill. App. 3d 367, 373, 688 N.E.2d 342, 346 (1997). The sections contain essentially identical language, including the use of the term "jury." See 725 ILCS 5/115-10 (West 2018); 735 ILCS 5/8-2601 (West 2018). Section 115-10 of the Criminal Procedure Code applies in bench trials, as well as

- 11 -

jury trials. See *People v. Johnson*, 363 Ill. App. 3d 1060, 1077, 845 N.E.2d 645, 660 (2005). Thus, we find the use of the term "jury trial" does not render section 8-2601 of the Procedure Code inapplicable to a proceeding under the Domestic Violence Act.

¶ 24    In this case, the circuit court did not specifically state under what section it was admitting the out-of-court statements. However, it is clear the court did not follow the provisions of section 8-2601 because it did not make a reliability finding or a finding the minor children were unavailable as witnesses.

¶ 25    *2. Failure to Apply Section 8-2601*

¶ 26    Respondent contends that, regardless of what section the circuit court applied, the plenary order of protection should be reversed without remand for new proceedings because the minor children's statements were uncorroborated. In support of his assertion, he cites *Flannery*, 328 Ill. App. 3d at 609. The *Flannery* court stated the following:

> "Ordinarily, we would remand the proceeding so that the trial court could hold a reliability hearing. However, respondent raises the additional argument that [the child]'s hearsay statements lacked corroboration. As noted above, both section 606(e) of the [Dissolution] Act and section 8-2601 of the [Procedure] Code require corroboration of the child's hearsay statements where the minor is unavailable to testify. If we find that [the child]'s hearsay statements lack corroboration, a remand would be unnecessary." *Flannery*, 328 Ill. App. 3d at 609.

In *Flannery*, the circuit court admitted statements made by a child, who was around three years old at the time of the hearing. See *Flannery*, 328 Ill. App. 3d at 604, 611 (noting the child's three-year doctor's appointment was in December 2000 and the hearing began on April 3, 2001).

Thus, the child was clearly unavailable to testify due to the child's young age.

¶ 27    In this case, the out-of-court statements admitted were made by minor children, who were old enough to testify in court. Thus, it is not clear the children were unavailable to testify. Accordingly, we find reversal of the plenary order of protection and remand for new proceedings that comply with section 8-2601 are warranted.

¶ 28                                          B. Other Issues

¶ 29    Respondent also contends the circuit court's entry of a plenary order of protection was against the manifest weight of the evidence and the circuit court failed to make the findings for determining specific remedies required by section 214(c)(3) of the Domestic Violence Act (750 ILCS 60/214(c)(3) (West Supp. 2017)). Since we have found a new hearing is warranted in this case, we do not address respondent's other issues and trust the circuit court will comply with the relevant statutory provisions on remand.

¶ 30                                          III. CONCLUSION

¶ 31    For the reasons stated, we reverse the Champaign County circuit court's judgment and remand for new proceedings.

¶ 32    Reversed and remanded.

**No. 4-19-0125**

| | |
|---|---|
| **Cite as:** | *Arika M. v. Christopher M.*, 2019 IL App (4th) 190125 |
| **Decision Under Review:** | Appeal from the Circuit Court of Champaign County, No. 18-OP-809; the Hon. Wm. Hugh Finson, Judge, presiding. |
| **Attorneys for Appellant:** | Angela K. Skinner, of Allison & Mosby-Scott, of Bloomington, for appellant. |
| **Attorneys for Appellee:** | Anne M. Martinkus, of Erwin, Martinkus & Cole, Ltd., of Champaign, for appellee. |