2025 IL App (1st) 241310-U

No. 1-24-1310

Order filed September 23, 2025

FIFTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| JOHN MCLAUGHLIN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner-Appellant, | ) | Cook County, |
| | ) | Domestic Relations |
| v. | ) | Division. |
| | ) | |
| ADELA MCLAUGHLIN, | ) | No. 2022OP75211 |
| | ) | |
| Respondent-Appellee. | ) | Honorable |
| | ) | Geri Pinzur Rosenberg, |
| | ) | Judge, presiding. |

PRESIDING JUSTICE MITCHELL delivered the judgment of the court.
Justice Mikva and Justice Oden Johnson concurred in the judgment.

**ORDER**

¶ 1  *Held*:  The circuit court's denial of petitioner's motion for Rule 137 sanctions and its grant of sanctions against petitioner are affirmed where neither decision was an abuse of discretion; the circuit court did not err in concluding that the Illinois Code of Civil Procedure controlled the admissibility of prior *ex parte* testimony in proceedings for an order of protection under the Domestic Violence Act.

¶ 2  Petitioner, John McLaughlin, appeals the circuit court's imposition of Rule 137 sanctions against him and the denial of his motion for sanctions against respondent Adela McLaughlin. Petitioner raises the following issues on appeal: (1) did the circuit court abuse its discretion by imposing Rule 137 sanctions against petitioner? (2) in imposing sanctions, did the circuit court

violate petitioner's first amendment right to seek redress of grievances? (3) did the circuit court abuse its discretion by denying petitioner's motion seeking sanctions against respondent? and (4) did the circuit court err in holding the Illinois Code of Civil Procedure, rather than the Dissolution of Marriage Act, controlled the admissibility of evidence in a Domestic Violence Act hearing? For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4       Petitioner John McLaughlin's and respondent Adela McLaughlin's dissolution of marriage case began in DuPage County in 2014. Petitioner and respondent had two minor children. A joint parenting agreement set custody and visitation and required that petitioner pay child support.

¶ 5       In 2016, the dissolution of marriage case was transferred to Cook County. There was extensive post-decree litigation. On March 30, 2022, the circuit court ordered petitioner to pay $100,129.07 in back child support and interest. After issuing the order, the circuit court took the matter off call. Petitioner paid the balance the same day.

¶ 6       On April 1, 2022 petitioner filed a *pro se* petition for an emergency order of protection in Lake County under the Illinois Domestic Violence Act. According to petitioner, on March 21, the parties' minor child told him that respondent had physically abused him in the past, with the most recent incident being several weeks prior. Petitioner had no other knowledge of the abuse. Petitioner stated he waited to file because, until March 31, the minor child had been unwilling to tell anyone else about the abuse. In addition to alleging abuse, petitioner also marked that he was the primary caretaker of the children and requested possession of respondent's pet rabbit, alleging it was cared for by the parties' daughter. Petitioner requested protection for several addresses under

the order, including his homes in Des Plaines and Antioch. Des Plaines is located in Cook County, while Antioch is located in Lake County. Petitioner did not list a primary residence on the petition.

¶ 7 Petitioner brought the minor child to testify before the Lake County court, and the circuit court granted the petition for an order of protection. The order suspended respondent's parenting time. On April 7, petitioner, respondent, and the minor child appeared in Lake County for the order of protection case. After hearing from the parties, the circuit court referred to petitioner's actions as "a fraud upon the court and forum shopping" and dismissed the order of protection case. On May 26, the circuit court reinstated the case solely to transfer it to Cook County. Once transferred, the order of protection case was consolidated with the ongoing dissolution of marriage case and then deconsolidated when petitioner asked for a substitution of judge on the order of protection case.

¶ 8 Respondent filed a motion to dismiss the instant case and for sanctions under Illinois Supreme Court Rule 137. The newly assigned judge held a hearing on July 10, 2023 on the petition for an order of protection. Petitioner attempted to enter the transcript of the minor child's testimony from the April 1 hearing into evidence, but respondent objected. The case was recessed until July 13 to give the parties time to research the admissibility question. In the interim, petitioner filed a motion to voluntarily dismiss the order of protection case because he did not want to call the minor child as a witness. The hearing resumed on July 13. The circuit court held that because the April 1 hearing was *ex parte* as required under the Domestic Violence Act, the transcript was inadmissible hearsay. After petitioner rested, respondent moved for a directed verdict which the circuit court granted. The circuit court then considered respondent's motion for Rule 137 sanctions,

determined that petitioner's petition for an order of protection had been brought in bad faith and for an improper purpose, and imposed sanctions to cover respondent's legal costs.

¶ 9 Petitioner filed a motion to reconsider the grant of sanctions against him and a motion for Rule 137 sanctions against respondent. These motions were heard on May 23, 2024. The circuit court denied the motion to reconsider and continued the motion for Rule 137 sanctions against respondent to June 17, at which point it denied that motion as well. This timely appeal followed. Ill. S. Ct. R. 303 (eff. July 1, 2017).

¶ 10                                    II. ANALYSIS

¶ 11                              A. Rule 137 Sanctions

¶ 12 Petitioner argues that the circuit court abused its discretion by sanctioning him because he had a statutory right to file for an order of protection in Lake County. He also contends that there was insufficient evidence to support the circuit court's decision. Respondent argues that petitioner's improper purpose in filing the order of protection warranted sanctions. We review the circuit court's decision to impose sanctions for abuse of discretion. *Eisterhold v. Gizewski*, 2022 IL App (1st) 210490, ¶ 36. Courts abuse their discretion "only where no reasonable person would take the view adopted by the trial court." *In re Marriage of Petrovich*, 154 Ill. App. 3d 881, 887 (1987). "The trial court's decision must be informed, based on valid reasons, and follow[ ] logically from the circumstances of the case." (Internal quotation marks omitted.) *Rosenbaum v. Samler*, 2025 IL App (1st) 240039, ¶ 83.

¶ 13 Rule 137 authorizes a circuit court to sanction a litigant who files false or meritless pleadings, motions, or documents. Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018). The rule requires each attorney of record or *pro se* party to certify that he has read the document and that, to the best of

his knowledge after reasonable inquiry, he believes it is "well grounded" in fact and law and "not interposed for any improper purpose." *Id.* The goal of Rule 137 is to prevent "frivolous and false lawsuits," not to "penalize litigants and their attorneys merely because they were zealous, yet unsuccessful." *Peterson v. Randhava*, 313 Ill. App. 3d 1, 7 (2000).

¶ 14    "The primary purpose of the Domestic Violence Act is to aid victims of domestic violence and to prevent further violence." (Internal quotation marks omitted.) *In re Marriage of Potenza*, 2020 IL App (1st) 192454, ¶ 56. The Act is not a vehicle to obtain custody. *In re Marriage of Gordon*, 233 Ill. App. 3d 617, 648 (1992). Indeed, it is a misuse of the of the Act to achieve goals other than preventing abuse. See *Wilson v. Jackson*, 312 Ill. App. 3d 1156, 1164-65 (2000).

¶ 15    The circuit court identified multiple indicators of petitioner's improper purpose. First, according to his petition for an order of protection, petitioner first became aware of the alleged abuse of the minor child on March 20, 2022. There was a hearing in the dissolution of marriage case in Cook County on March 30, where petitioner was present and represented by counsel. This hearing was in front of a judge who was familiar with the parties. Yet petitioner did not raise the allegations of abuse. Instead, he waited until April 1 to file *pro se* in Lake County where a judge who was not familiar with the parties would have to rule without hearing from respondent. Petitioner ultimately waited ten days after learning of the abuse to seek emergency relief in Lake County. His decision to delay reporting the supposed abuse caused the minor child to return to the home where the alleged abuse was occurring. The circuit court remarked that his conduct in delaying reporting the alleged abuse was "egregious."

¶ 16    The circuit court also examined the contents of the petition for an order of protection. In the petition, petitioner claimed to be the primary caretaker of the children, but he later testified that

he only had the children for five overnights every two weeks. Petitioner failed to list a primary address when seeking the order of protection in Lake County, and he sought possession of respondent's pet rabbit, which she received after their marriage ended. The circuit court, after seeing petitioner testify, found that he was not credible, and ultimately determined that the petition "was brought for an improper purpose to harass [respondent]."

¶ 17    The sequence of events and substance of the petition, in conjunction with petitioner's credibility issues, adequately support the circuit court's decision to impose sanctions. The circuit court did not act arbitrarily in derogation of the evidence but considered it carefully and drew reasonable inferences. In light of the foregoing, a reasonable person could certainly take the view that petitioner did not file for the order of protection in Lake County to prevent abuse but to harass respondent and deprive her of custody, and the circuit court therefore did not abuse its discretion.

¶ 18    Petitioner relies on his compliance with the Illinois Domestic Violence Act of 1986 to argue that the circuit court improperly imposed sanctions. 750 ILCS 60/101 *et seq.* (West 2020). He correctly notes that "[t]he petition requesting a protective order under the Domestic Violence Act *** commence[s] a separate and distinct proceeding." *In re Marriage of Lenhardt*, 176 Ill. App. 3d 429, 432 (1988). His choice of venue in Lake County, rather than Cook County, was consistent with the Act's venue requirements which allow the petitioner to file for an order of protection either where the respondent resides or where the petitioner resides. 750 ILCS 60/209(a) (West 2020). Although petitioner's residence was in question, respondent was a resident of Lake County. But Rule 137 covers filings that are made for an improper purpose, not just filings which lack a basis in the law. Ill. S. Ct. R. 137(a) (eff. Jan.1, 2018). The circuit court did not sanction petitioner because he was legally incorrect about venue but because of his bad intent.

¶ 19     Petitioner also asserts that the circuit court violated his constitutional right to seek redress of grievances by imposing sanctions. U.S. Const., amend. I. "[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances." *Bill Johnson's Restaurants, Inc. v. N.L.R.B*, 461 U.S. 731, 741 (1983). However, it does not apply where a given legal action is "a 'mere sham' filed for harassment purposes." *Bill Johnson's Restaurants, Inc.*, 461 U.S. at 741. Sanctions are constitutionally permissible for lawsuits "presented for [an] improper purpose," because "[u]nlike speech of other sorts, a lawsuit demands a response." *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 390 (2011). In seeking to harass respondent, petitioner was not engaged in protected first amendment activity and imposing sanctions was not a violation of his first amendment rights.

¶ 20     Petitioner also argues that the circuit court abused its discretion by not imposing Rule 137 sanctions on respondent, contending that it was respondent who was forum shopping, causing unnecessary delays, and making filings not warranted by existing law. There is no report of proceedings from the hearing on petitioner's motion for Rule 137 sanctions, and petitioner has not submitted any substitute. Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017) (explaining that a bystander's report or agreed statement of facts may be submitted in lieu of a verbatim transcript where none is available). The order merely states that respondent did not violate Rule 137, did not file anything for an improper purpose or ungrounded in law or fact, and that errors in dates were scrivener's errors.

¶ 21     It is petitioner's "burden to present a sufficiently complete record of the proceedings at trial to support a claim of error," and without such a record, "it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v.*

*O'Bryant*, 99 Ill. 2d 389, 391–92 (1984) (affirming circuit court where, without a transcript of the relevant hearing, "there [was] no basis for holding that the trial court abused [its] discretion"). In the absence of the transcript or proper substitute, we presume that the circuit court acted in accordance with the law and cannot find an abuse of discretion.

¶ 22                                   B. The Minor Child's Testimony

¶ 23     Petitioner argues that the circuit court erred in excluding the transcript of the minor child's testimony from the initial emergency hearing in Lake County at the subsequent hearing on the order of protection in Cook County. Specifically, petitioner argues that because an order of protection can impact the allocation of parental responsibilities, the evidentiary rules from the Illinois Marriage and Dissolution of Marriage Act should apply. 750 ILCS 5/606.5(c) (West 2020). Respondent argues that the Illinois Code of Civil Procedure governs. 735 ILCS 5/8-2601(a) (West 2020). "This court reviews *de novo* a question of which statute applies." *In re Marriage of Portillo*, 2021 IL App (3d) 200221, ¶ 23.

¶ 24     A provision in the Illinois Marriage and Dissolution of Marriage Act renders prior statements of a minor about abuse "admissible in evidence in a hearing concerning allocation of parental responsibilities." 750 ILCS 5/606.5(c). Some courts have used this rule to determine the admissibility of prior statements in Domestic Violence Act proceedings when the purported abuser is the parent and the relevant hearing concerns visitation. *Daria W. v. Bradley W.*, 317 Ill. App. 3d 194, 198-200 (2000); *Countryman v. Racy*, 2017 IL App (3d) 160379, ¶ 14.

¶ 25     Other courts, relying on principles of statutory interpretation, have refused to apply the provision from the Dissolution of Marriage Act, instead determining that the Code of Civil Procedure's exception for the admission of a minor's previous statements about abuse applies in

Domestic Violence Act proceedings. *Arika M. v. Christopher M.,* 2019 IL App (4th) 190125, ¶ 22. The Code of Civil Procedure, as opposed to the provision in the Dissolution of Marriage Act, has requirements that must be met before a minor's statements about abuse can be admitted. Compare 735 ILCS 5/8-2601(a) with 750 ILCS 5/606.5(c). Under the Code of Civil Procedure, the court must hold a hearing as to reliability, and the statement may only be admitted if the minor either testifies or is unavailable as a witness. 735 ILCS 5/8-2601(a).

¶ 26    Petitioner sought an order of protection under the Domestic Violence Act. The Domestic Violence Act requires that "[a]ny proceeding to obtain, modify, reopen or appeal an order of protection, whether commenced alone or in conjunction with a civil or criminal proceeding, shall be governed by the rules of civil procedure of this State." 750 ILCS 60/205(a) (West 2020). Specifically, "[t]he Code of Civil Procedure *** shall apply, except as otherwise provided by [the Domestic Violence Act]." *Id.* Per the plain language of the Domestic Violence Act, the Code of Civil Procedure controlled.

¶ 27    Further, while an order of protection can impact physical care and possession of a minor child, decision-making responsibility as to a minor child, or parenting time, what is at issue in an order of protection proceeding is whether abuse has occurred. *Arika M.*, 2019 IL App (4th) 190125, ¶ 22. The petitioner only gains access to those remedies by proving, by a preponderance of the evidence, that the subject of the petition was abused by the respondent. *Id.* Here, petitioner sought to offer the minor child's previous statements to prove abuse to secure an order of protection, not to allocate parental responsibilities, meaning the Domestic Violence Act, and in turn the Code of Civil Procedure, applied. See *id.*; see also *Trinidad C. v. Augustin L.*, 2017 IL App (1st) 171148, ¶ 21; *In re Marriage of Portillo*, 2021 IL App (3d) 200221, ¶¶ 26-27 (departing from *Daria W.*,

317 Ill. App. 3d, and deciding that the Code's safeguards should apply in domestic violence proceedings; noting that such protections are particularly necessary where "the custodial [respondent] denies the alleged accusations of abuse by [the] minor child as reported solely by the custodial [petitioner] and other interested parties at an adversarial hearing where parental visitation rights and responsibilities are at issue").

¶ 28    Having resolved the legal question of which statute applied, we further determine that the circuit court did not abuse its discretion in barring the transcript. *Taylor v. City of Chicago*, 2024 IL App (1st) 221232, ¶ 105 ("We review evidentiary rulings on hearsay testimony and any exceptions to hearsay under an abuse of discretion standard."). The Code of Civil Procedure allows the admission of out-of-court statements describing abuse made by a child under the age of 13 if certain conditions are met:

> "[a]n out-of-court statement made by a child under the age of 13 describing any act of child abuse or any conduct involving an unlawful sexual act performed in the presence of, with, by, or on the declarant child, or testimony by such of an out-of-court statement made by such child that he or she complained of such acts to another, is admissible in any civil proceeding, if: (1) the court conducts a hearing outside the presence of the jury and finds that the time, content, and circumstances of the statement provide sufficient safeguards of reliability; and (2) the child either: (i) testifies at the proceeding; or (ii) is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement." 735 ILCS 5/8-2601(a).

Here, the minor child did not testify, and petitioner does not argue the minor child was unavailable. The exception under the Code of Civil procedure did not apply, and the circuit court did not abuse its discretion in excluding as hearsay the minor child's testimony before the Lake County court about the alleged abuse where petitioner offered the statements to prove that the abuse occurred. Ill. R. Evid. 801(c) (eff. Oct. 15, 2015) (defining hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the

matter asserted").

¶ 29                                        C. Transfer

¶ 30     Petitioner also argues that this court should vacate the Lake County order transferring the Order of Protection case to Cook County. The Illinois Appellate Court for the Second District—not this court—reviews decisions from the circuit court in Lake County. We have no authority to review this claim. Ill. Const. 1970, art. VI, § 6 ("Appeals from final judgments of a Circuit Court are a matter of right to the Appellate Court in the Judicial District in which the Circuit Court is located ***.").

¶ 31                                        III. CONCLUSION

¶ 32     The judgment of the circuit court of Cook County is affirmed.

¶ 33     Affirmed.